UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE JOHN AUGUST ENGMAN,

    Debtor.                                                 Bky. No. HG 01-13070

_____/

JOHN AUGUST ENGMAN,                            Adv. Proc. No. 02-88138

    Appellant,

v

UNITED STATES TRUSTEE,                       Dist. Ct. No. 1:04-cv-842

    Appellee.                                            Hon. Wendell A. Miles

_____/

ORDER DISMISSING APPEAL

       Appellant John A. Engman ("appellant") filed a Notice of Appeal from a July 14, 2004 order of the United States Bankruptcy Court for the Western District of Michigan denying discharge.[1]  The appeal was docketed in this court on December 14, 2004.

       On April 7, 2005, the court issued a Show Cause Order requiring the appellant to show cause why this appeal should not be dismissed for failure to prosecute based on the appellant's failure to file an appellant's brief on appeal and failure to file an amended designation of items to be included in the record on appeal.  The matter is currently before the court on the appellant's response to the Show Cause Order.  In his response, the appellant, who contends that he is an

---

[1] Actually, appellant attempted to appeal a decision issued from the bench on June 25, 2004. The bankruptcy court entered its written order (docket. no. 104 in the bankruptcy court) on July 14, 2004.

attorney, essentially blames the court for failing to tell him when his brief was due. Appellant states that he can prepare and file a brief within 15 days notice.  As for his failure to comply with the court's December 20, 2004 order requiring him to file, within seven days, an amended designation of items to be included in the record on appeal, appellant merely states that he believed it was "common practice" for the entire file to be "physically" submitted to the court.[2] Appellant also states that he "does not recall ever receiving" the December 20, 2004 order, which expressly required him to file an amended designation itemizing only those pleadings relevant to the appeal.  Appellant's response also includes the following statement, which makes no sense: "As the same information was requested sent [sic] on the 1:04-CV-841 case [a related appeal] without objection, it would appear in the denial of the Debtor's discharge that there should be no issue pertaining to the limiting of the record for appeal purposes."  If the meaning of this statement is not clear, what is clear is that the court's records reflect that appellant was served with the December 20, 2004 order.  What is also clear is that even if appellant does not "recall" receiving that order, he should have been reminded of this order when he (according to his own admission) reviewed the PACER information on a bankruptcy court computer on April 1, 2005.

Appellant has not to date filed an amended designation pursuant to the court's order and Fed.R.Bankr.P. 8006.

Appellant's lack of familiarity with the Bankruptcy Rules is not acceptable, nor is his failure to comply with the court's order requiring him to file an amended designation itemizing only those pleadings relevant to the appeal.

The court finds that appellant has failed to comply with Fed.R.Bankr.P. 8006 and has

---

[2]Appellant originally designated the entire court file to be included in the record on appeal.

failed to prosecute this appeal.  For these reasons, this appeal is hereby **DISMISSED.**

    Entered this 28th day of April, 2005.


                                                           /s/ Wendell A. Miles
                                                          Wendell A. Miles
                                                          Senior U.S. District Judge